By the Court,

Cowen, J.
The excess for which the verdict was rendered, consisted of moneys paid to the defendant on bills taxed pursuant to 1 R. S. 376, § 106, and the *136 subsequent acts. (Sess. Laws of 1835, p. 326. Id. 1837, p. 99.) The first statute provides, that county* district attorneys “shall be paid for their services in conducting criminal prosecutions, by their respective counties, upon their accounts duly taxed by some officer authorized to tax bills of costs in the supreme court according to the rates allowed by law.” The act of 1835 requires notice of taxation, and that of 1837 gives the right of appeal.
The* judge at the circuit regarded the various taxations as inconclusive ; and allowed them to be opened and reviewed. In this we think he erred. The act of the taxing officer under the statute is judicial, and cannot be opened without impugning the well settled doctrine that no judicial decision can be questioned collaterally. Much was said in argument of his liability to be imposed upon; but the argument proves too much. All courts and all arbitrators are more or less liable to imposition, in proportion as their proceedings are more or less guarded and defended by legal forms and solemnities; but it is better to await a remedy at the hands of the legislature than yield to a rule which will render the decision of every court, magistrate and arbitrator, liable to review by an action. A single inroad upon the doctrine which holds such decisions conclusive, would open a flood-gate of litigation which no community could endure. For one,. I cannot consent to be a party in such an attempt. I have several times had occasion to express my views of the point, both on principle and authority; and shall not now repeat them at large. (The People, ex rel. Case, v. Collins, 19 Wendell, 56, and cases there cited. The People v. Bristol & Rensselaerville Turnpike Co., 23 id. 526.)
We are of opinion that a new trial should be granted, the costs to abide the event.
New trial granted.